UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD WAYNE WILTON,

                Petitioner,

v.

STEVE SINCLAIR,

                Respondent.

Case No. C11-735-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Reginald Wayne Wilton has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, by way of the instant petition, seeks relief from his 2007 King County Superior Court judgment and sentence. Respondent has filed a motion to dismiss the petition in which he argues that the petition is time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). Petitioner has filed a response to respondent's motion to dismiss. This Court, having reviewed petitioner's petition, respondent's motion to dismiss, petitioner's response thereto, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed as untimely.

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY

On November 30, 2006, petitioner pleaded guilty to one count of first degree assault, three counts of first degree robbery, two counts of second degree robbery, and one count of first degree burglary. (*See* Dkt. No. 10, Ex. 1 at 1 and 7.) On January 19, 2007, petitioner was sentenced to a total term of 318 months confinement. (*Id*., Ex. 1 at 4.) Petitioner did not appeal his judgment and sentence to the Washington Court of Appeals. However, on October 24, 2007, petitioner filed a pro se motion to withdraw his guilty plea pursuant to CrR 7.8 in the King County Superior Court. (*See* Dkt. No. 1, Exs. 2 and 4.) The Superior Court denied the motion on June 4, 2008. (*Id*., Ex. 3.)

Petitioner appealed the denial of his motion to withdraw his guilty plea to the Court of Appeals of Washington. (*See id*., Ex. 11.) On November 9, 2009, the Court of Appeals issued an unpublished opinion affirming the denial of petitioner's motion to withdraw his guilty plea, but remanding the matter to the Superior Court for clarification or correction of certain provisions of petitioner's sentence. (*Id*., Ex. 13) Petitioner thereafter sought review of the Court of Appeals' decision in the Supreme Court of Washington. (*Id*., Ex. 14.) The Supreme Court denied review without comment on July 7, 2010. (*Id*., Ex. 15.)

Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner signed his federal habeas petition on April 26, 2011, and the petition was filed in this Court on April 28, 2011. (*See* Dkt. No. 1.)

## DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes

was to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996). The one year limitations period starts to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A).

In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a direct appeal. Petitioner's judgment was filed in the King County Superior Court on January 22, 2007. (*See* Dkt. No. 10, Ex. 1 at 1.) Petitioner had 30 days after the entry of the judgment, or until February 21, 2007, to file a direct appeal. *See* Rule 5.2, Washington Rules of Appellate Procedure. Because petitioner did not file a direct appeal, his conviction became final on or about February 21, 2007. 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitations period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations was tolled from October 24, 2007, the date petitioner filed his motion to withdraw his guilty plea, until July 7, 2010, the date petitioner's petition for review was denied by the Washington Supreme Court. Between February 22, 2007, the date the statute of limitations began to run, and October 24, 2007, 244 days ran on the statute of limitations. The statute of limitations began to run again on July 8, 2010, the day after the petition for review was denied by the Supreme Court, and expired 121 days later, on or about November 6, 2010.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010). However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's

REPORT AND RECOMMENDATION - 3

control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Petitioner makes no showing that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner signed his federal habeas petition on April 26, 2011, over five months after the statute of limitations expired on November 6, 2010. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-barred.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that respondent's motion to dismiss be granted, and that petitioner's federal habeas petition, and this action, be dismissed

with prejudice pursuant to 28 U.S.C. § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of September, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5